### HERMANN MEYER vs. J. E. McGUIRE, SHERIFF, ET AL.

GUNBY, J. A judgment homologating a final account of a succession, on which the administrator places the necessitous widow as a creditor, for the amount of funds shown to be in his hands, is a judgment in her favor, and execution can issue thereon, as on ordinary judgments, against the administrator personally; a suit to recover said amount from the administrator after the homologation of said account, was properly dismissed; what has been finally adjudged cannot form the basis of a suit.

2. An administrator cannot offset a judgment against him in favor of the widow with notes or accounts, due by her to him, or to other parties and taken up by him. Nothing short of an actual payment of the judgment to the widow, or on her order, will relieve him.

3. Where no interest is allowed by the judgment, execution cannot issue for any interest.

4. Where plaintiff in an injunction is partially successful, no damages will be allowed on dissolution.

---

### COBB & DOBSON vs. JOE RAY.

GUNBY, J. On appeal, the appellee may, in his answer, move for an entire reversal of the judgment against him, and obtain the same extent of relief as if he had appealed, as far as the judgment between himself and the appellant is concerned.

---

### JOHN T. HOWARD vs. V. S. & P. R. R. Co.

CLINTON, J. Defendant need not set forth every circumstance of the time and place of payment; he may prove any fact tending to show that he is not indebted to plaintiff. 17 L. 259; 1 R. 292; 10 An. 80; 23 An. 238.